IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RONALD E. DAUGHHETEE, JR., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 12-0413-CV-W-ODS ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

<u>ORDER AND OPINION (1) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (3) DENYING DEFENDANT'S MOTION FOR ORAL ARGUMENT</u>

Pending are cross-motions for summary judgment, as well as Defendant's Motion for Oral Argument. The Motion for Oral Argument (Doc. # 48) is denied, as is Plaintiffs' request for oral argument. Plaintiffs' Motion for Summary Judgment (Doc. # 32) is also denied. Defendant's Motion for Summary Judgment (Doc. # 26) is granted.

## I. BACKGROUND

The parties agree the facts in this case are undisputed. On June 11, 2011, Ronald Daughhetee was driving a Ford F-150 titled in the name of his wife, Melissa Daughetee. Melissa, Allison Daugheetee (Ronald's and Melissa's daughter) and Abby Burke (Melissa's daughter) were passengers in the car. All four individuals were members of the same household.

While driving, Ronald was involved in an accident with a Freightliner owned by Morgan Farms LLC and operated by James Murphy. As a result of the accident, Allison was killed and Ronald, Melissa and Abby suffered injuries.

Morgan Farms had liability insurance with a limit of $1.3 million. Plaintiffs recovered the policy limit. Ronald and Melissa jointly owned a second vehicle – a Hyundai Tiburon. Both the Ford and the Hyundai were insured by Defendant; both

policies contained underinsured motorist coverage for $250,000 for all claims arising from injury to one person and $500,000 for all claims arising from injuries suffered in a single accident. Ronald and Melissa were named insureds on both policies. Defendant paid $500,000 under the Ford's policies. Plaintiffs seek an additional $500,000 pursuant to the Hyundai's underinsured motorist coverage.

Both the Ford and Hyundai policies contained the following provisions under the heading "Limits." (Terms in bold appear that way in the policy and indicate defined terms):

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

    a. The most **we** will pay for all damages resulting from **bodily injury** to any one **insured** injured in any one accident, including all damages sustained by other **insureds** as a result of that **bodily injury**, is the lesser of:

        (1) the amount of all damages resulting from that **bodily injury** reduced by the sum of all payments for damages resulting from that **bodily injury** made by or on behalf of any person, or organization who is or may be held legally liable for that **bodily injury**; or

        (2) the limit shown under "Each Person".

    b. Subject to a. above, the most we will pay for all damages resulting from **bodily injury** to two or more **insureds** injured in the same accident is the limit shown under "each Accident."

2. These Underinsured Motor Vehicle limits are the most **we** will pay regardless of the number of:

    a. **insureds**;
    b. claims made;
    c. vehicles insured; or
    d. vehicles involves in the accident.

2

Another provision specifically discusses the eventuality that multiple polices exist under the heading "If Other Underinsured Motor Vehicle Coverage Applies."

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to **you** or any **resident relative** by the **State Farm Companies** applies to the same **bodily injury**, then:

    a. The Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

    b. The maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.

2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an **insured** who sustains bodily injury while **occupying your car**.

    a. If:

    (1)  this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

    (2)  underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

    then **we** will pay the proportion of damages payable as primary that **our** applicable limit bears to the sum of **our** applicable limit, and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

    b. If:

    (1)  more than one vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Underinsured Motorist Vehicle Coverage which applies to the accident as primary coverage; and

    (2)  underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

3

then the **State Farm Companies** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the **State Farm Companies** as may be determined in 1, above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

    a. If:

        (1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

    then we will pay the proportion of damages payable as excess that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

    b. If:

        (1) more than one vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

    then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

4

II.  DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

As is true for all contracts, interpretation of an insurance contract is a matter of law. Seeck v. Geico General Ins. Co., 212 S.W.3d 129, 123 (Mo. 2007) (en banc). Ambiguities are to be construed in favor of the insured.  Id.  "An ambiguity exists when there is duplicity, indistictness or uncertainty in the meaning of the policy [and] is reasonably open to different constructions."  Gulf Ins. Co. v. Noble Broadcast, 936 S.W.3d 810, 814 (Mo. 1997) (en banc).  The presence of a broad provision for coverage coupled with subsequent narrowing language does not create an ambiguity.  Todd v. Missouri United School Ins. Council, 223 S.W.3d 156, 162-63 (Mo. 2007) (en banc).

Plaintiffs concede that paragraph 1 of the Other Insurance Provision, read alone, unambiguously demonstrates they are not entitled to any payment under the Hyundai policy because they have received the policy limits for underinsured motorist coverage.

5

Plaintiffs' Opposition (Doc. # 31) at 6.   This agreement should not obscure the clarity of this paragraph: it states quite clearly that if multiple State Farm policies have been issued to the insured or relatives living in the household, the underinsured motorist coverage limits will not stack and the amount paid will be the single highest amount permitted by any one of those policies.   Plaintiffs insist, however, that the unambiguous language in paragraph 1 is rendered ambiguous when read in conjunction with paragraph 3.   The Court disagrees.

The parties agree paragraph 2 does not apply because it applies to injuries sustained while occupying "your car," which for purposes of the Hyundai policy is the Hyundai.   The injuries occurred while occupying the Ford, so paragraph 2 of the Hyundai policy does not apply.   From this common point the parties diverge.

Paragraph 3 states that, except as provided in paragraph 2 (which, as discussed, presupposes the accident involved the Hyundai), the Hyundai's underinsured motorist coverage will be excess coverage.   Thus, the Hyundai's underinsured motorist coverage is excess coverage while the Ford's underinsured motorist coverage is primary (because the accident occurred in the Ford).   Significantly, neither paragraph 2 nor paragraph 3 alters the command of paragraph 1, which states that if multiple policies are issued by State Farm to the insureds, the limits will not stack.   Paragraph 2 describes when the policy will be primary, paragraph 2 describes when it will be excess, and neither affects the policy limits.

Plaintiffs allege this interpretation also renders paragraph 3 illusory, because it means the Hyundai policy actually provides no excess coverage.   This is not necessarily so.   If the underinsured coverage from the Ford policy had been less than the coverage from the Hyundai policy, both policies would have applied.   For instance, if the limit on the Ford policy was $300,000, that would have been the limit for (and the amount paid under) the primary coverage provided by the Ford policy – leaving $200,000 to be paid from the excess coverage provided by the Hyundai policy.   This interpretation not only makes sense, but it provides meaning to all of the relevant provisions – unlike Plaintiffs' interpretation, which renders paragraph 1 meaningless.

The cases to which Plaintiffs compare are readily distinguishable in that they

involve different provisions with different language than the policy language at issue in this case, or involved different factual maters and the interplay between policy provisions not at issue here. Thus, contrary to Plaintiffs' intimation, no Missouri court has ruled that the pertinent provisions are ambiguous in a context such as this, where the insured has multiple policies from the same insurer that specifies the underinsured motorist limits do not stack.

Plaintiffs also attempt to avoid the policy limits by pointing out that Ronald and Melissa assert a claim for the Allison's wrongful death. This argument makes no sense, as Plaintiffs point to no language indicating that the cap on underinsured benefits does not apply to wrongful death claims. The Court's analysis makes it unnecessary to consider the parties' arguments addressing the Hyundai policy's application to Allison's and Abby's injuries; even if the Hyundai policy provides coverage, that coverage would be limited by the cap on coverage.

### III. CONCLUSION

For these reasons, Plaintiffs' Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted.
 IT IS SO ORDERED.

DATE: January 7, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

7